**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROY YANCEY,** | ) | **CASE NO. 4:05CV2079** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GENERAL MOTORS, CORP.,** *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |

This Matter is before the Court upon Plaintiff Roy Yancey's ("Plaintiff") "Partial Objection to and Appeal from the June 14, 2006 Order of Magistrate Limbert" (Dkt. # 137) and "Supplement to Plaintiff's Partial Objection to and Appeal from the June 14, 2006 Order of Magistrate Limbert" (Dkt. # 143). Also before the Court are Defendants General Motors Corporation's and Jerry Butler's ("Defendants") "Opposition to Plaintiff's Partial Objection to and Appeal from [sic] the June 14, 2006 Order of Magistrate Limbert" (Dkt. # 151) and Plaintiff's reply memorandum (Dkt. # 155).

In his appeal, Plaintiff requests that this Court overrule the part of the Magistrate's order denying his motion for monetary sanctions against defense counsel Sherry D. Soanes. Specifically, Plaintiff asks that this Court reconsider the Magistrate's denial of awarding to Plaintiff the attorney fees and other costs associated with Plaintiff's deposition and motion for sanctions. However, "absent statutory authorization or an established contrary exception,

each party bears its own attorney's fees." Big Yank Corp. v. Liberty Mutual Fire Ins. Co., 125 F.3d 308, 313 (6th Cir.1997)(citations omitted). An exception to this principle is the Court's authority to award fees when a party litigates "in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). Before such fees may be awarded pursuant to the Court's inherent authority, the Court must first "[m]ake actual findings of fact that demonstrate that the claims advanced were meritless, that counsel knew or should have known that the claims were meritless, *and* that the claims were filed for an improper purpose." First Bank of Marietta v. Hartford Underwriters Ins., 307 F.3d 501, 519 (6th Cir.2002)(citing Big Yank Corp., 125 F.3d at 314)(emphasis in original).

The United States Court of Appeals for the Sixth Circuit has held that "bad faith" is usually a prerequisite for a district court's awarding such fees. See First Bank of Marietta, 307 F.3d at 519 (citing Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc., 88 F.3d 368, 375 (6th Cir.1996). However, the Sixth Circuit has also upheld such sanctions for conduct which is "tantamount to bad faith" as well. Id. (citations omitted).

The record does not reveal that defense counsel Sherry D. Soanes' actions during Plaintiff's deposition amounts to bad faith. Rather than being "motivated by improper purposes such as harassment or delay," First Bank ov Marietta, 307 F.3d at 519 (citations omitted), Attorney Soanes' brief outburst appears to have been a momentary loss of control. Furthermore, Attorney Soanes' objections made at the depositions of Tom Hoff, Geraldine Latina, Randall Stokes, Jerry Butler, Charles Butcher, Paula Humason, James Bumgardner,

2

Vickie Jakubek, and Max Mejia similarly do not rise to conduct tantamount to bad faith.

Therefore, the Court finds that Magistrate Limbert's decision is not clearly erroneous or contrary to law.  See FED. R. CIV. P. 72(a); LR 72.3(a).  As such, that portion of the Magistrate's order denying Plaintiff's motion for sanctions is **AFFIRMED**. (Dkt. # 127). Furthermore, Defendants' request that the Court impose costs on Plaintiff for pursuing the instant appeal (Dkt. # 151) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Peter C. Economus* **– July 11, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**