# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROY YANCEY,** | ) | **CASE NO. 4:05CV2079** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **GENERAL MOTORS, CORP.,** *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

This Matter is before the Court upon Defendant General Motors Corporation's ("GM") Motion to Clarify Production of Certain Electronic Mail (Dkt. # 147) and Plaintiff Roy Yancey's ("Plaintiff") Memorandum in Opposition to Defendant's Motion to Clarify (Dkt. # 159). Also before the Court are Defendants GM and Jerry Butler's (collectively, "Defendants") Objections and Appeal, or in the Alternative, Motion for Clarification of Magistrate Limbert's June 14, 2006 Order (Dkt. # 149), Plaintiff's Memorandum in Opposition to Defendants' Objections and Appeal (Dkt. # 161), and Defendants' Reply (Dkt. # 162).[1]

---

[1] Plaintiff's Motion to Clarify Magistrate Limbert's June 14, 2006 Order (Dkt. # 134), Supplemental Motion for Clarification (Dkt. # 142), and Second Supplemental Motion for Clarification (Dkt. # 145), as well as Defendants' Memorandum in Opposition (Dkt. # 148) and Plaintiff's Reply (Dkt. # 157), have been referred to Magistrate Judge Limbert for resolution (Dkt. #s 144, 146).

1

I.  DEFENDANT GENERAL MOTORS CORPORATION'S MOTION TO CLARIFY PRODUCTION OF CERTAIN ELECTRONIC MAIL (Dkt. #s 147, 159)

In GM's Motion to Clarify Production of Certain Electronic Mail, (Dkt. # 147), GM asks the Court to clarify that portion of the Magistrate's Order granting Plaintiff's request for the production of the "Kentucky Firefighter" and "Dancing Granny" e-mails.

*Kentucky Firefighter*

In his June 14, 2006 Order, Magistrate Limbert granted Plaintiff's motion for access to copies of the Kentucky Firefighter and Dancing Granny e-mails. GM states that a copy of the Kentucky Firefighter e-mail and of the "entire investigative file" from Securitas Security USA, Inc., ("Securitas") investigator Robert Mitchem ("Mtichem") has already been provided to Plaintiff. GM asks the Court to clarify whether GM must "do more than produce the documents [in] its possession relating to this litigation or go to outside sources" to locate this e-mail. (Dkt. # 147). GM further contends that the Kentucky Firefighter e-mail is not relevant to this litigation as it was not the subject of any investigation and/or disciplinary action pertaining to any GM salaried employee. Plaintiff argues that the e-mail is relevant because it was forwarded to Plaintiff and the e-mail allegedly contains "exposed genitalia and breasts." (Dkt. # 159). Plaintiff claims that one of the issues in this case "is whether forwarding e-mails containing exposed genitalia or breasts is cause for a zero-tolerance policy to be used in disciplining GM employees." (Dkt. # 159).

*Dancing Granny*

Similarly, GM contends that it should not be "required to go outside of this litigation to find the Dancing Granny electronic mail." (Dkt. # 147). GM states that the Dancing

2

Granny e-mail was not a part of the investigation that led to the termination of Plaintiff or the investigation of other GM employees. Plaintiff points out that Securitas employee, Randall Stokes, ("Stokes") testified during his deposition that he was terminated for forwarding the Dancing Granny e-mail to another employee. (Dkt. # 159). Plaintiff believes that the Dancing Granny e-mail is relevant to this litigation as Stokes, though technically not a GM employee, worked on location at GM, had a GM e-mail address, and, like Plaintiff, was terminated for forwarding such e-mails to fellow employees. (Dkt. # 159).

Plaintiff contends that, although both e-mails are "available on the internet and can be found rather quickly," GM should be required to produce both the Kentucky Firefighter and Dancing Granny e-mails in order to verify that they are the correct e-mails referenced in Stokes' deposition. The Court agrees with the Magistrate's decision compelling GM to produce the two e-mails as both are relevant to Plaintiff's allegation that GM's e-mail system was being used by non-minorities to send and/or receive sexually oriented and pornographic materials. Therefore, the Court orders that GM must produce the Kentucky Firefighter and Dancing Granny e-mails if said e-mails can currently be found on GM's e-mail system. However, the Court is not requiring GM to retrieve the e-mails from outside sources if the e-mails are not in GM's possession.

II.     DEFENDANTS' OBJECTIONS AND APPEAL (Dkt. #s 149, 161, and 162)

As a preliminary matter, the Court will construe Defendants' pleading as an objection and appeal of Magistrate Limbert's June 14, 2006 Order. See FED. R. CIV. P. 72(a) and LR 72.3(a)

3

Appeals from a Magistrate Judge's order determining a non-dispositive matter are governed by a "clearly erroneous or contrary to law" standard of review. FED. R. CIV. P. 72(a), see also 28 U.S.C. § 636(b)(1)(A). The Court will not reverse Magistrate Judge Limbert's Order simply because the Court "would have decided the case differently." Anderson v. Bessemer City, 470 U.S. 564, 573 (1983). "Rather, a reviewing court must ask whether, based on the entire evidence, it is 'left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001)(citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

In their appeal, Defendants ask that the Court "reconsider, clarify and limit its Order of June 14, 2006 compelling GM to: (1) produce the hard drives of Geri Latina, Dan Sprutte, Robert Schneider, Vicki Shuttleworth, Vickie Jackubek, Randall Stokes, Max Mejia, John Bernardo, Charles Butcher, Paula Humason, Dan Bryan, Ron Gordon, Rosie Janus, Jerry Butler, Carol Lesho, John Barratt, Roy Yancey, James Bumgardner and Elizabeth Mook." (Dkt. # 149). Defendants further move the Court to reconsider the portion of the Magistrate's decision granting Plaintiff leave to identify a computer expert. (Dkt. # 149). Finally, Defendants ask the Court to address the issue of who will bear the cost of producing the hard drives in question. (Dkt. # 149).

*Hard Drives*

Defendants first argue that the hard drives requested by Plaintiff are not responsive to the discovery requests identified by the Court. As such, Defendants contend that the Magistrate's order erred in granting Plaintiff's request on the basis that they are responsive

4

to those Requests. (Dkt. # 149). Defendants also argue that it is premature for the Court to hold that the hard drives are responsive to Request No. 23 of Plaintiff's Second Request for Production. They further contend that the information requested was already provided with Mitchem's investigative file.

The Court agrees with that portion of the Magistrate's Order finding that the Plaintiff's definition of "documents" in Plaintiff's First Set of Interrogatories, First Request for Production of Documents, Second Request for Production of Documents, and Third Request for Production of Documents encompassed computer hardware, software, e-mails and "computer forensics." Accordingly, the inclusion of hard drives and electronic mail in Plaintiff's definition of "documents," as outlined in the Magistrate's order, stands. It follows that the hard drives are responsive to Plaintiff's First, Second, and Third Requests for Production of Documents, wherein Plaintiff specifically requested documents relating to all investigations into the misuse of GM's computer and e-mail system.

Furthermore, a review of the record reveals that the Defendants did not raise these arguments before the Magistrate at the hearing . The June 14, 2006 order notes that the Defendants "did not deny at the hearing that they failed to produce or supplement information responsive to [Plaintiff's] Requests and information obtained from the hard drives and e-mails may support Plaintiff's theory in this case." (Dkt. # 127). Therefore, it cannot be said that the Magistrate's Order compelling Defendants to produce the hard drives was "clearly erroneous or contrary to law."

Defendants next contend that GM should not have to produce the hard drives of non-

5

GM employees Vicki Shuttleworth, Vickie Jakubek, Randall Stokes, and Dan Bryan. Defendants further contend that the only hard drives GM should be required to produce are Plaintiff Roy Yancey's and Paula Humason's.

As Plaintiff's claim concerns primarily the disparate treatment by Defendants of similarly situated non-minority GM employees, the Court orders that GM need only produce the hard drives of GM salaried employees, thus excluding the hard drives of Vicki Shuttleworth, Vickie Jakubek, Randall Stokes, and Dan Bryan.  As such, the Court orders that GM must produce the remaining requested hard drives of GM salaried employees Dan Sprutte, Robert Schneider, John Bernardo, Charles Butcher, Ron Gordon, Rosie Janus, Carol Lesho, John Barratt, James Bumgardner, Elizabeth Mook, as well as those of Paula Humason and Roy Yancey.

*Defendant Jerry Butler's Hard Drive*

Defendants appeal the Magistrate's decision compelling them to produce the hard drive of Defendant Jerry Butler ("Butler").  They point out that "[w]hile the production of paper documents allows Defendants to withhold privileged information, the production of Mr. Butler's current hard drives leaves Defendants vulnerable that privilege[d] information and work product will be disclosed.  (Dkt. # 149).  Plaintiff's argue that "[t]here could not be any confidential communications between Butler and his attorney from January 1, 1993 through September 17, 2004 [the date Plaintiff was terminated] because Butler was unaware of any pending litigation in this matter."  (Dkt. # 161).

The Magistrate's Order addressed Defendants' concern that Butler's hard drive

6

contains confidential information relating to employees, however, the attorney client privilege and work product issues were not addressed at that time. Therefore, the Court orders Defendants to file with the Court and to provide to Plaintiff, on or before <u>July 26, 2006</u>, a privilege log of any items on Butler's hard drive that Defendants believe are protected by the attorney client privilege or work product doctrine.

*Extension of Discovery Deadline to Allow for Expert Report*

Defendants next contend that the Magistrate's order erred in extending the discovery deadline to permit Plaintiff to identify an expert without permitting Defendant to identify its own expert and to depose Plaintiff's expert. Accordingly, the Court orders Plaintiff to file his expert report on August 3, 2006. Defendants shall then be given until August 18, 2006 to file their own expert report.

*Cost of Producing the Hard Drives*

Finally, Defendants ask the Court to clarify which party should bear the cost of producing the hard drives in question. Though Plaintiff is requesting the hard drives, Defendants did not produce them when asked. Further, the removal of the hard drives is not an undue expense for a large corporation such as GM. Therefore, the Court orders that the Defendant GM is responsible for the cost of removing the hard drives.

III.  CONCLUSION

Accordingly, the Court ORDERS GM to produce the Kentucky Firefighter and Dancing Granny e-mails if said e-mails are in GM's possession or currently can be found on GM employee computers. (Dkt. # 147).

Further, the definition of "documents" as outlined in Magistrate Limbert's June 14, 2006 Order STANDS.  (Dkt. #149).  The Court ORDERS GM to produce the hard drives of GM salaried employees Dan Sprutte, Robert Schneider, John Bernardo, Charles Butcher, Ron Gordon, Rosie Janus, Carol Lesho, John Barratt, James Bumgardner, Elizabeth Mook, Paula Humason, and Roy Yancey.  (Dkt. # 149).  The Court further ORDERS Defendants to provide Plaintiff and file with the Court a privilege log of any items on Defendant Jerry Butler's hard drive that Defendants believe are protected by the attorney client privilege or work product doctrine by July 26, 2006.  (Dkt. # 149).  The Court ORDERS Plaintiff to file his expert report on or before August 3, 2006.  Defendants shall then filed their own expert report by August 18, 2006.  (Dkt. # 149).  Finally the Court ORDERS that GM is responsible for the cost of removing and producing the hard drives requested by Plaintiff.  (Dkt. # 149).

**IT IS SO ORDERED.**

*/s/ Peter C. Economus* **– July 20, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**